IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WALTER NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) _____ |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, PA, | ) |
| CHARTIS, INC. U.S., AMERICAN | ) |
| INTERNATIONAL GROUP, INC. d/b/a | ) |
| AIG LOTSOLUTIONS, and SUNTRUST | ) |
| BANK, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S NOTICE OF REMOVAL

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") removes this action from the Circuit Court for Shelby County, Tennessee to the United States District Court, Western District of Tennessee, pursuant to 28 U.S.C. §§ 1332(a)(1) (diversity jurisdiction), 1441, and 1446.

### I.   FACTUAL SUMMARY

On April 25, 2012, Plaintiff, Walter Nelson, ("Plaintiff") filed in the Circuit Court of Shelby County, for the Thirtieth Judicial District at Memphis, Tennessee an action naming National Union Fire Insurance Company of Pittsburgh, PA, Chartis, Inc. U.S., American International Group, Inc. d/b/a AIG Lotsolutions, and Suntrust Bank as Defendants. This action was assigned Case Number CT-001853-12 Div. VI.

On June 4, 2012, service of NUFIC under Tennessee Code Annotated § 56-2-504 was complete. NUFIC, however, does not waive any defenses to service or to sufficiency of service. On May 11, 2012, Plaintiff served on SunTrust Bank a summons and a copy of the Complaint by

Shelby County Sheriff. On May 17, 2012, Plaintiff served on LOTSolutions, Inc. (incorrectly identified as American International Group, Inc. d/b/a AIG Lotsolutions) a summons and copy of the Complaint by certified mail. On May 10, 2012, Chartis, U.S., Inc. (incorrectly named as Chartis, Inc. U.S.) received from the Tennessee Secretary of State a copy of the summons and complaint. As of the date of the filing of this notice, Plaintiff has not served Co-Defendant American International Group, Inc. (incorrectly named as American International Group, Inc. d/b/a AIG Lotsolutions); however, the undersigned counsel represents all of the defendants in this matter and has the authority to consent on behalf of American International Group, Inc. and does, in fact, consent to removal on its behalf. A copy of the entire state court file, including the summons and the complaint, is incorporated herein by reference and is also attached as Exhibit A.

## II.    BASIS FOR REMOVAL

The above-described civil action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that complete diversity of citizenship exists between parties.

Upon information and belief, at the time of the commencement of the action, the Complaint alleges that the Plaintiff is a citizen of the State of Tennessee. Defendant National Union Fire Insurance Company of Pittsburgh, PA is a corporation duly organized under the laws of Pennsylvania, with its principal place of business in the State of New York. Defendant, LOTSolutions, Inc. (incorrectly named as American International Group, Inc. d/b/a AIG Lotsolutions), was, at the time of the commencement of the action, and still is, a corporation duly organized and existing under the laws of Georgia and has its principal place of business in the State of Florida. Defendant, SunTrust Bank, is a Georgia Corporation with its principal place of business in the State of Georgia. Defendant Chartis, U.S., Inc. (incorrectly named as Chartis, Inc.

U.S.) is a corporation duly formed under the laws of the State of Delaware, with its principal place of business in the State of New York. Unserved Defendant American International Group, Inc. (incorrectly named as American International Group, Inc. d/b/a AIG Lotsolutions) is a corporation duly formed under the laws of the State of Delaware, with its principal place of business in the State of New York. This action is of a civil nature and involves a controversy wholly between citizens of different states.

Although Plaintiff's Complaint fails to allege the amount in controversy, it is apparent that the amount of damages that Plaintiff is seeking and the amount in controversy exceed $75,000, exclusive of interest and costs. Plaintiff seeks at least $1,000 (one-thousand) dollars per day for 30 (thirty) days. Plus treble damages for violation of the Tennessee Consumer Protection Act; a 25% penalty for bad faith; punitive damages; and attorney fees (Complaint *Prayer*). Therefore, this Court has original jurisdiction over this accident.

### III. CONSENT OF ALL DEFENDANTS TO THE REMOVAL

Defendants LOTSolutions, Inc. (incorrectly named as American International Group, Inc. d/b/a AIG Lotsolutions), SunTrust Bank, Chartis, U.S., Inc. (incorrectly named as Chartis, Inc. U.S.), and American International Group, Inc. (incorrectly named as American International Group, Inc. d/b/a AIG Lotsolutions), are represented by the undersigned counsel and have consented to the removal and have contemporaneously filed their respective consent forms. While unserved nonresident defendants need not join in the removal, *Howard v George*, 395 F. Supp. 1079, 1080-81 (S.D. Ohio 1975); *see also Gratz v. Murchison,* 130 F. Supp. 709, 713 (D. Del. 1955) (observing the exception that "[i]f a non-resident defendant is not served with process he may be ignored and need not join in the petition for removal"), unserved Co-Defendant American International Group, Inc. (incorrectly named as American International Group, Inc. d/b/a AIG Lotsolutions), nevertheless, consents to this removal, although it does not waive any defenses to

service or to the sufficiency of service. Thus, the "rule of unanimity" requiring that all defendants either join in the petition for removal or consent to the removal is satisfied. *See Loftis v. United Parcel Serv.*, 342 F.3d 509, 514 (6th Cir. 2003). Copies of the Consents to Removal are incorporated herein by reference and are also attached as Exhibit B.

## IV.  INITIAL SERVICE OF COMPLAINT

On June 4, 2012, service of NUFIC under Tennessee Code Annotated § 56-2-504 was purportedly complete. NUFIC, however, does not waive any defenses to service or to the sufficiency of service. On May 17, 2012, pursuant to Tennessee Code Annotated § 48-15-105, service on Co-Defendant LOTSolutions, Inc. (incorrectly named as American International Group, Inc. d/b/a AIG Lotsolutions) was complete. On May 11, 2012, Plaintiff served Co-Defendant SunTrust Bank via the Sheriff of Shelby County, Tennessee. On May 10, 2012, Co-Defendant Chartis, U.S., Inc. (incorrectly named as Chartis, Inc. U.S.) received a copy of the summons and complaint from the Tennessee Secretary of State; however, Chartis, U.S., Inc. (incorrectly named as Chartis, Inc. U.S.) does not waive any defenses to service or to the sufficiency of service. Co-Defendant American International Group, Inc. (incorrectly named as American International Group, Inc. d/b/a AIG Lotsolutions) has not been served; nevertheless, it consents to the removal, although it does not waive any defenses to service or to the sufficiency of process. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed within 30 days of Defendants' receipt of the Complaint. *See, e.g.*, *Page v. City of Southfield*, 45 F.3d 128, 130 n.1 (6th Cir. 1995).

## V.  VENUE OF REMOVED ACTION

Venue of this removed action is proper pursuant to 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action was pending.

## VI. PLEADINGS IN THE STATE COURT ACTION

Pursuant to 28 U.S.C. § 1446(d), the Defendant is filing this Notice of Removal with this Court, serving a copy of the Notice upon all counsel of record, and filing a copy in the Circuit Court of Shelby County, Tennessee. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's Complaint, as well as all additional papers on file with the state court, are attached hereto as Exhibit A. The summons and Plaintiff's Complaint are the only documents that NUFIC has received in this action.

## CONCLUSION

WHEREFORE, NUFIC respectfully requests that this action, now pending as Case No. CT-001853-12 Div. VI in the Circuit Court of Shelby County, Tennessee, be removed to this Court, and that this Court proceed with the case as if originally initiated herein.

LEWIS, KING, KRIEG & WALDROP, PC

*/s/ R. Dale Bay*
R. Dale Bay, BPR No. 10896
Daniel W. Olivas, BPR No. 024641
424 Church Street, Suite 2500
P. O. Box 198615
Nashville, TN 37219
(615) 259-1366
dbay@lewisking.com
dolivas@lewisking.com

*Attorneys for National Union Fire Insurance Company of Pittsburgh, PA*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 5th day of June, 2012, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      James W. Cook, Esq.
      7692 Poplar Pike
      Germantown, TN  38138
      *Attorney for Plaintiff*


                                        */s/ R. Dale Bay*