IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

WALTER NELSON,

      Plaintiff,

vs.

No. C+CO1853-12
JURY DEMANDED   Div VI

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
CHARTIS, INC. U.S., AMERICAN
INTERNATIONAL GROUP, INC. d/b/a AIG,
LOTSOLUTIONS and SUNTRUST BANK,

      Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Walter Nelson, and sues the Defendants, National Union Fire Insurance Company of Pittsburgh, PA, Chartis, Inc. U.S., American International Group, Inc. d/b/a AIG, LotSolutions and SunTrust Bank, hereinafter "National Union", "Chartis", "AIG", "LotSolutions" and "SunTrust", and for cause of action would state:

1.    Walter Nelson is an individual and a resident of Memphis, Shelby County, Tennessee. He is and has been for a considerable time, more than six years, a customer of SunTrust.

2.    National Union is believed to be an insurance company with its executive offices in New York, New York and doing business in the State of Tennessee.

3.    Chartis is a corporation doing business in property, casualty and general insurance and also believed to offer its services, among other things, to other insurance companies for claims expertise and risk management in the State of Tennessee.

1



4.      AIG is a Delaware corporation doing business as a multiline insurance company and is believed to be the owner, principal stockholder, manager or director or affiliate of National Union, Chartis and possibly LotSolutions.

5.      LotSolutions is, upon information and belief, a program administrator for National Union that handles National Union's claims and makes recommendations as to coverage. LotSolutions operates out of Jacksonville, Florida.

6.      SunTrust is a bank doing business in the state of Tennessee.

7.      This matter arises out of a policy of insurance solicited by SunTrust offering Plaintiff, Walter Nelson, the opportunity to become a part of its Customer Years Program for loyal customers. A copy of said solicitation is attached hereto marked as **Exhibit 1**. Said solicitation provided an effective date of November 21, 2009 and indicated that the offering was sponsored by SunTrust. It offered enhanced coverage with benefits up to $1,765,000.00 should Plaintiff suffer an accidental injury requiring him to be hospitalized or while he was at home recovering from his injury. It is believed and so alleged that SunTrust receives a consideration, remuneration or participates in the premiums paid by Plaintiff, Walter Nelson.

8.      National Union is an insurance company operating out of Chicago, Illinois who underwrote the coverage of the policy issued to Plaintiff. National Union's name is listed on Exhibit 1 as the plan administrator but said solicitation also states that the coverage is underwritten by National Union and the Group Accident Insurance Certificate attached to the policy of insurance is issued under the name of National Union Fire Insurance Company of Pittsburgh, PA.

9.      Plaintiff, who is and has been a long-time customer of SunTrust, received a solicitation from SunTrust offering him the chance to join SunTrust's sponsored program

2

offering group accident insurance to its loyal customers. Said solicitation advised Plaintiff that he, by virtue of being a long-standing loyal customer, was a Level 6+ client and, among other benefits, would receive $1,000.00 per day while he was in the hospital and while he was at home recovering as a result of a covered accident.

10.     Plaintiff's policy became effective November 22, 2009 and for said coverage he paid a consideration of $17.95 per month that was deducted from his SunTrust Bank checking account.

11.     Plaintiff sustained an accidental injury to his foot on March 5, 2011 that became infected and required his hospitalization at Baptist Memorial Hospital in Memphis, Tennessee from March 19, 2011 to April 1, 2011. Upon his discharge, Plaintiff was sent home with an intravenous IV and a nurse was assigned to him for his care. Plaintiff was treated at home until May 2, 2011.

12.     Plaintiff promptly notified his insurer of his accidental injury, hospital stay and home recovery and satisfied all conditions precedent to coverage. Instead of promptly responding to the claim as provided for by the policy, Defendants delayed processing the claim, always requiring additional and duplicate information. Although benefits were payable upon Plaintiff's discharge from the hospital and upon his full recovery at home, no payment was made by Defendants until December 13, 2011 and then only a check in the amount of $900.00, which bore no relationship to any figures cited in the policy. According to SunTrust's letter, Plaintiff, Walter Nelson, was entitled to $1,000.00 per day while in the hospital and $1,000.00 per day while recovering at home. A copy of said letter is attached hereto as **Exhibit 2.**

13.     Plaintiff made demand on National Union through its affiliate, subsidiary or claims service, LotSolutions, for the benefits to which he was entitled but was put off by those

3

Defendants who at first claimed they were investigating and later would not return his phone calls. When Plaintiff was able to reach LotSolutions, he was transferred to Cloverdale and advised that Cloverdale was actually his insurance company. Cloverdale advised that it was not his insurance company and that he should contact his insurer, AIG. He spoke with people at AIG who would not give him any information and then declined to return his phone calls.

14.     The Defendant insurance companies and adjusters advised Plaintiff that he would not be covered under the policy because his hospital stay and resulting recovery time at home was caused by diabetes, which was excluded from the policy. Plaintiff secured a written note from his physician that stated that neither his hospital confinement nor his recovery was in any way related to his diabetes but the Defendants ignored his physician's opinion and continued to put him off and refused to correspond with him either by phone or by mail. A copy of the note from Plaintiff's physician is attached hereto as **Exhibit 3.**

15.     Plaintiff contacted SunTrust for help in dealing with these insurance companies from whom SunTrust had solicited him to take out a policy with premiums taken directly from his account with SunTrust. SunTrust refused to help Plaintiff, its customer, other than submitting an inquiry to National Union and reported back to Plaintiff that his claim had been paid. SunTrust then stated that they were not affiliated with the carrier and suggested that Plaintiff contact National Union.

16.     Those Defendants who acted as claim adjusters or risk managers for the insurer or insurers were negligent in their handling of Plaintiff's claim and in addition to their negligent actions said Defendants were guilty of negligent misrepresentation including but not limited to supplying false information, failing to exercise reasonable care or competence in obtaining information about the claim and negligent in exercising reasonable care or competence in

4

communicating the information to the insurers. These Defendants were negligent in failing to disclose material facts known to them to the insurers that would have caused the insurance carrier/carriers to honor Plaintiff's claim. Said Defendants concealed and/or suppressed material facts that, if made known to the insurer/insurers, would have caused them to honor Plaintiff's claim. Said Defendants made intentional misrepresentation of the facts knowing the representation was false. Said Defendants are guilty of malice toward Plaintiff and malicious actions that injured Plaintiff and was done with the improper motive or purpose to endear itself to the insurance company/companies to secure promotions and/or continued business. These Defendants are guilty of common law inducement of breach of contract and T.C.A. §47-50-109 unlawful procurement of breach of contract. Plaintiff avers that these Defendants acted intentionally, maliciously and/or fraudulently so as to entitle Plaintiff to punitive damages. Plaintiff avers that these Defendants were guilty of intentional infliction of emotional distress and negligent infliction of emotional distress. Plaintiff further avers that these Defendants were the agents of the insurance company/companies and that all acts committed by these Defendants are attributable to the Defendant insurance company/companies.

17.     Defendant insurance company/companies breached its/their insurance contract with Plaintiff causing actual, incidental and consequential damages and emotional distress as a result of both negligent infliction of emotional distress and intentional infliction of emotional distress.

18.     The insurance company/companies and SunTrust were guilty of negligent misrepresentation in the solicitation of the insurance contract from Plaintiff. SunTrust represented on its letterhead that Plaintiff was a long-time good customer and thus was entitled to the benefit it was offering as a certificate of insurance for accident insurance coverage under

5

its Customer Years Program. SunTrust indicated in its solicitation that it was the sponsor of said coverage. SunTrust represented that in the event of an injury causing Plaintiff to be hospitalized and afterward if he required extra time at home while recovering he would receive $1,000.00 per day. Plaintiff believes and so alleges that this was not simply a service offered by SunTrust but, in fact, SunTrust participated in sharing the premiums of this policy or was given a consideration by the insurance company for using its name. SunTrust was guilty of negligence in failing to investigate the insurance company/companies through which it contracted this coverage recognizing the general reputation of certain of these insurance companies and the harm that could befall its customer who relied upon SunTrust should the insurance company/companies not abide by the insurance contract.

19.     Plaintiff further alleges that SunTrust had a fiduciary relationship with him and owed Plaintiff the duty of dealing with him fairly and in good faith and making whole the Plaintiff should he suffer as a result of the breach of that duty or the negligent selection of this insurance company/companies. As a result of that breach of duty and/or its negligence, SunTrust caused Plaintiff to suffer emotional distress, both intentional and negligent.

20.     Plaintiff avers that the insurance company/companies' conduct as set forth herein constituted bad faith pursuant to T.C.A. §56-7-105.     Demand for payment from said company/companies has been made more than 60 days preceding the filing of this lawsuit.

21.     Plaintiff further alleges that the conduct of SunTrust and the insurance company/companies constituted unfair and deceptive actions sufficient to subject them to liability for violating the Tennessee Consumer Protection Act pursuant to T.C.A. §47-18-101 including but not limited to:

        (1)     Falsely passing off goods or services as those of another;

6

(2)     Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(3)     Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification, by another;

(5)     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

(9)     Advertising goods or services with intent not to sell them as advertised;

(12)    Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law;

(14)    Causing confusion or misunderstanding with respect to the authority of a salesperson, representative or agent to negotiate the final terms of a consumer transaction;

(21)    Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services;

(22)    Using any advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services. An offer is not bona fide, even though the true facts are subsequently made known to the buyer, if the first contact or interview is secured by deception;

(23)    Representing in any advertisement a false impression that the offer of goods has been occasioned by a financial or natural catastrophe when such is not true, or misrepresenting the former price, savings, quality or ownership of any goods sold;

(27)    Engaging in any other act or practice which is deceptive to the consumer or to any other person.

22.     T.C.A. §56-8-105 **Unfair Claims Practice** sets forth standards for insurers or claims entities. Among those matters that constitute unfair claims practice are:

7

(1)    Knowingly misrepresenting relevant facts or policy provisions relating to coverages at issue;

(2)    Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(3)    Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies;

(4)    Except when the prompt and good faith payment of claims is governed by more specific standards, not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(5)    Compelling insureds or beneficiaries to a life insurance contract to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them; provided, that equal consideration shall be given to the relationship between the amount claimed and the amounts ultimately recovered through litigation or other valid legal arguments;

(6)    Refusing to pay claims without conducting a reasonable investigation except when denied because of an electronic submission error by the claimant;

(7)    Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(8)    Attempting to settle or settling claims for less than the amount that a reasonable person would believe the insured or beneficiary was entitled by reference to written or printed advertising material accompanying or made part of an application; provided, that this subdivision (8) does not apply to settlement of, or attempts to settle, claims by third-party claimants;

(11)    Unreasonably delaying the investigation or payment of claims by requiring both a formal proof of loss form and subsequent verification that would result in duplication of information and verification appearing in the formal proof of loss form. Nothing contained in this subdivision (11) shall be construed as obligating any insurer to make a decision upon any claim without sufficient investigation and information to determine if the claim, or any part of the claim, is false, fraudulent, or for an excessive amount;

23.    The willful disregard and violation of these standards are evidence of Defendants'

malice toward Plaintiff and malicious actions that injured Plaintiff all done with the purpose of

8

depriving Plaintiff of the benefits of the insurance policy he paid for and evidence of the intentional, malicious and fraudulent acts of Defendants that justify punitive damages.

24. As a result of the acts of these Defendants, Plaintiff has been damaged. Plaintiff seeks to recover all damages to which he may be entitled under the law from the Defendants which include but are not limited to the following:

(a) Loss of use of funds due under the policy of insurance;

(b) Damages for violation of the Tennessee Consumer Protection Act;

(c) 25% penalty for bad faith;

(d) All applicable bad faith penalties;

(e) Emotional pain and suffering;

(f) Statutory and discretionary costs;

(g) Punitive damages;

(h) Pre-judgment interest;

(i) Post-judgment interest;

(j) Incidental and consequential damages as a result of the Defendants' breach of contract, including but not limited to:

1. Attorney fees incurred in the underlying action;

9

2.     All other litigation expenses incurred in the underlying action; and

3.     For such further relief, general, equitable and specific, to which Plaintiff may be entitled in these the premises.

Plaintiff, Walter Nelson, demands attachment of his complete policy of insurance to the Answer of the Defendants.

Plaintiff, Walter Nelson, demands a jury to try these issues.

Respectfully submitted,

**JAMES W. COOK**     (8760)
~~Attorney for Plaintiff~~
7692 Poplar Pike
Germantown, Tennessee  38138
Phone:  (901) 753-5898
Fax:  (901) 753-5829

10

# SUNTRUST
Live Solid. Bank Solid.

Program Sponsor

## *You've earned it!*

Walter Nelson
3231 Yale Ave
Memphis, TN 38112

llı.lhlıılııııllııllıılılılılılı

---

## Customer Years® Program

### *Accident Insurance Coverage*

Plan Member:   **Walter Nelson**

Certificate #:   **00002RPF4**

Effective Date:  **11/21/2009**

---

Re: Customer No.:    00002RPF4

Effective date:    11/21/2009

Welcome, Walter Nelson —

You'll find enclosed the Certificate of Insurance for the Accident Insurance Coverage you enrolled in under the Customer Years® Program sponsored by SunTrust.

**The more years you stay with SunTrust, the better it gets!**

Walter Nelson, as a loyal SunTrust client, you are enrolled in accident coverage with a benefit of up to $1,765,000. That's $882,500 more than a new client would receive under this same program. But the best part is... your coverage doesn't cost anything more than theirs does!

**Think about it... what if you've been injured in an accident?**

Will you be hospitalized? Will you need to spend extra time at home while you recover? What if you're unable to work? What if you become permanently and totally disabled?

With this coverage, you'll receive a cash benefit — paid directly to you or your beneficiary, to use any way you choose.



### Cash benefits paid directly to you
or anyone you choose.

**Use your benefits any way you like, including:**

### At-Home Recovery
Receive a cash benefit to help with your expenses at home after a covered hospital stay.

•

### Disability
Receive a monthly cash benefit for up to 5½ years in the event you are totally and permanently disabled.

•

### In-Home Care
Receive a cash benefit to cover the cost of in-home care in the event you are totally and permanently disabled.

•

### Accident Death Benefit
Pays your beneficiary a lump sum cash benefit in the event of covered accidental death.

CY AD-FF-LT ST (0910) GAP

You will find complete details regarding your Individual & Spouse Accident Insurance Coverage – including benefits, limitations, and exclusions – in the Certificate of Insurance. Please take a minute to look over your insurance documents to make sure your name and coverage amounts are correct – and for the date when your Accident Insurance Coverage will go in force. You have until that date to cancel your Accident Insurance Coverage. Otherwise, the premium of $17.95 will be conveniently billed to your SunTrust Bank checking account each month.

**If you have questions about your coverage**
**Call 866.440.0459 8am - 8pm EST**
One of our friendly insurance specialists will help you with your claim as quickly as possible.

Insurance underwritten by National Union Fire Insurance Company of Pittsburgh, Pa., with its principal place of business in New York, NY.

Plan Administrator
8420 W. Bryn Mawr Ave, Suite 700
Chicago, IL 60631

The Customer Years Program Accident Insurance Coverage is underwritten by National Union Fire Insurance Company of Pittsburgh, Pa. Please call 866.440.0459 if you have any questions. Hours: Monday-Friday, 8am-8pm, Eastern Time.

Sincerely,

Dean S. Sivley
Chief Operating Officer
Accident and Health

This Accident Insurance Coverage is underwritten by National Union Fire Insurance Company of Pittsburgh, Pa., with its principal place of business in New York, NY. Insurance products are NOT insured by the F.D.I.C., are not deposits of any other government agency, are not deposits or other obligations of any bank, and are not guaranteed by any bank.

# You've Earned It!



## Customer Years® Program

## Walter Nelson

## Maximum Total Benefit

| | |
|---|---|
| Level 1 Client | $882,500 |
| Level 2 Client | $1,059,000 |
| Level 3 Client | $1,235,500 |
| Level 4 Client | $1,412,000 |
| Level 5 Client | $1,588,500 |
| **Level 6+ Client** | **$1,765,000** |

Thank you for being a loyal SunTrust client, Walter Nelson!

This year, you have up to $1,765,000 in coverage. Plus:

- Your benefits are paid directly to you, or anyone you choose
- Your benefits are paid in addition to any other coverage you may have.

## Benefit Summary:

**Primary Insured**      **Maximum Total Benefit**

**At-Home Recovery Cash Benefit**    **$365,000**
A $1,000 daily cash benefit paid directly to you, or anyone you choose — use to cover your out-of-pocket medical expenses, to cover your household expenses while you recuperate after a covered hospital stay. (Paid to you for up to 365 days.)

**Permanent and Total Disability Benefit**    **$1,320,000**
A $20,000 monthly cash benefit paid directly to you, or anyone you choose, in the event you become totally and permanently disabled due to a covered accident. (Paid to you for up to 5-1/2 years.)

**In-Home Care Benefit**    **$60,000**
A $10,000 monthly cash benefit paid directly to you, or anyone you choose, to cover the expenses of an in-home care provider in the event you become totally and permanently disabled due to a covered accident. (Paid to you for up to 6 months).

**Accident Death Benefit**    **$20,000**
Paid to your beneficiary in a single lump sum.



**Maximum Total Benefit**    **$1,765,000**

### Thank You for Your Loyalty!

* The Benefit Summary is a brief description of the coverage applicable to you (as the primary insured). Your enclosed Certificate of Insurance sets out the complete details of your coverage (including benefits and benefit amounts for your spouse), the limitations and applicable exclusions.

This is only a brief explanation of the coverage available under policy series A30293NUFIC. The Policy contains reductions, limitations, exclusions, and terms by which the Policy may be cancelled. Full details of the coverage are contained in the Policy. If there is any conflict between the contents of this document, the attached Certificate of Insurance, and the Policy, or if any point is not covered in this document or the attached Certificate of Insurance, the terms and conditions of the Policy will govern in all cases. Insurance is underwritten by National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania insurance company with its principal place of business at 70 Pine Street, New York, NY 10270. It is currently authorized to transact business in all states and the District of Columbia. NAIC no. 19445

# *Pallavi V. Rawtani, MD*

910 Madison Ave.
Suite 704
Memphis, TN 38103
(901) 527-6556

150 Timber Creek Dr.
Suite 5
Cordova, TN 38018
(901) 756-6963

9/12/11

To,

Amy HAMMER,

Stonebridge Life Ins Co,

Ref: Walter Nelson
; Claim B
114AT603334
Dear Ms Hammer,

This is to state that Mr. Nelson's right foot was infected due to stepping on a glass piece. It had nothing to do with his Diabetes mellitus. Currently his right foot is healed.



Sincerely,

Rawtani MD.

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LOTSOLUTIONS
PO BOX 2066
JACKSONVILLE, FL 32203-2066

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7011 1570 0003 4084 1529

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

UNITED STATES POSTAL SERVICE

First Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**State of Tennessee**
**Department of State**
Division of Business Services
William R. Snodgrass Tower
312 Rosa L. Parks Avenue, 6th Floor
Nashville, TN 37243

05/07



State of Tennessee

**Department of State**

Division of Business Services
Wm. R. Snodgrass Tower
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243

5/11/2012
Date

7011157000340841529
Certified Number

Case Number: ~~CT00853-12~~
CT001853-12

HON. JIMMY MOORE
SHELBY COUNTY-CIRCUIT COURT
324 COURT HOUSE
MEMPHIS, TN 38103

RE:  WALTER NELSON

VS:  NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
     CHARTIS, INC., AMERICAN INTERNATIONAL GROUP, INC. D/B/A AIG,
     LOTSOLUTIONS AND SUNTRUST BANK

Dear Clerk:

Enclosed are the following papers in the above styled case:

☑  **Original Summons**

☑  **Affidavit and Endorsement**

☑  **Registered or Certified Return Receipt signed by:**

   SEE CARD

☐  Registered or Certified letter returned undelivered with notation:

Sincerely:

*Tre Hargett*

**Tre Hargett**

enclosures

Initials:  JACAW
CC:

SS-4210 (Rev. 12/98)

RDA No. 1003

**AFFIDAVIT**
**and**
**ENDORSEMENT**

**5/11/2012**
Date

70111570000340841529
Certified Number

Case Number:   CT00853-12

RE:   WALTER NELSON

VS:   NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
CHARTIS, INC., AMERICAN INTERNATIONAL GROUP, INC. D/B/A AIG,
LOTSOLUTIONS AND SUNTRUST BANK

I   **DARLENE LAWRENCE**   , having been duly authorized by Tre Hargett, Secretary of State
of Tennessee, do hereby make oath on his behalf and under authorization as follows :
   That on   Monday, April 30, 2012   , I received from the plaintiff the original
and certified copies of the Summons and Complaints issued against the defendant :

## LOTSOLUTIONS

whose address is:

PO BOX 2066, JACKSONVILLE, FL 32203-2066
and that on   Tuesday, May 01, 2012   , I mailed by registered or certified return-
receipt mail the certified copies of the Summons and Complaint to the defendant at the above ad-
dress together with written notice that service was so made. I further make oath that the return
receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on

**Friday, May 11, 2012**   , and returned to   SHELBY COUNTY-CIRCUIT COURT

of   MEMPHIS   , Tennessee on **Friday, May 11, 2012**

Tre Hargett
Secretary of State

by

Subscribed and sworn to before me,

this 11th   day of May   , 2012

NOTARY PUBLIC

My commission expires   9-9-14



SS-4201 (Rev. 2/90)

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. Ct 001853-12

◉ Lawsuit
○ Divorce

Ad Damnum $ _____

| WALTER NELSON | | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, CHARTIS, INC. U.S., AMERICAN INTERNATIONAL GROUP, INC. d/b/a AIG, LOTSOLUTIONS and SUNTRUST BANK |
|---|---|---|
| | VS | |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

LotSolutions.
P.O. Box 2066
Jacksonville, FL 32203-2066.

SERVE THROUGH SECRETARY OF STATE

**Method of Service:**

○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
☑ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on  JAMES W. COOK                                    Plaintiff's attorney, whose address is  7692 Poplar Pike, Germantown, TN 38138          , telephone    +1 (901) 753-5898 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE                    Clerk

TESTED AND ISSUED            4-25-12            By _____ , D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE ____ , Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this
4-25-12

JIMMY MOORE        Clerk

By: _____ , D.C.

SECRETARY OF STATE
THE HARGETT
2012 APR 30 AM 8:45
STATE OF TENNESSEE
RECEIVED

FILED
APR 25 2012
CIRCUIT COURT CLERK
BY _____ D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____     By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

_____     By: _____
                                                                        Sheriff or other authorized person to serve process

Docket No: C-001853-10

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

**SUMMONS IN A CIVIL ACTION**

WALTER NELSON
Plaintiff

VS

NATIONAL UNION FIRE INS., ET AL.
Defendant

JAMES W. COOK
Attorney for Plaintiff/Pro Se

(901) 753-5898
Telephone Number

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. C4001853-12    ⊙ Lawsuit    ○ Divorce    Ad Damnum $

| WALTER NELSON | VS | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, CHARTIS, INC. U.S., AMERICAN INTERNATIONAL GROUP, INC. d/b/a AIG, LOTSOLUTIONS and SUNTRUST BANK |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

SunTrust Bank
5350 Poplar Avenue
Memphis, TN 38119

SERVE ANY OFFICER OR MANAGING AGENT

Method of Service:
○ Certified Mail
⊙ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on JAMES W. COOK, Plaintiff's attorney, whose address is 7692 Poplar Pike, Germantown, TN 38138 , telephone +1 (901) 753-5898 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE    Clerk

TESTED AND ISSUED    4 - 25-12    By _____ , D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE , Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this
N -25-12

JIMMY MOORE    Clerk

By: _____ , D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___11___ day of ___May___ , 20_12_ at _1057_ 🗹 M. a copy of the summons

and a copy of the Complaint to the following Defendant ___Suntrust Bank___

at ___5350 Poplar Ave.___

___Vayaa S. Cealy___ / First U.P.V Sr. Counsel by: ___B. Hodges-5121___

Signature of person accepting service      Sheriff or other authorized person to serve process

---

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ , 20_____ .

By: _____
     Sheriff or other authorized person to serve process

---

Docket No: Ct-00185-3-10

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

**SUMMONS IN A CIVIL ACTION**

WALTER NELSON
Plaintiff

VS

NATIONAL UNION FIRE INS., ET AL.
Defendant

JAMES W. COOK
Attorney for Plaintiff/Pro Se
(901) 753-5898
Telephone Number

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**robert.walker@tn.gov**

May 24, 2012

National Union Fire Ins Co Of Pittsburgh
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 19445

Certified Mail
Return Receipt Requested
7011 0470 0000 5069 8813
Cashier # 3043

Re:     Walter Nelson  V.  National Union Fire Ins Co Of Pittsburgh

        Docket # Ct001853-12

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served May 02, 2012, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Joe Walker
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
     Shelby County
     140 Adams Street, Rm 324
     Memphis, Tn 38103

**CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-001853-12

☑ Lawsuit
☐ Divorce

Ad Damnum $ _____

| | |
|---|---|
| WALTER NELSON | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, CHARTIS, INC. U.S., AMERICAN INTERNATIONAL GROUP, INC. d/b/a AIG, LOTSOLUTIONS and SUNTRUST BANK |
| Plaintiff(s) | **VS** |
| | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

National Union Fire Insurance of Pittsburgh, PA
70 Pine Street
New York, NY 10270

SERVE THROUGH THE COMMISSIONER OF INSURANCE

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☑ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on JAMES W. COOK _____ Plaintiff's

attorney, whose address is 7692 Poplar Pike, Germantown, TN 38138 , telephone +1 (901) 753-5898
within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE _____ Clerk

TESTED AND ISSUED _____4-25-12_____ By _____ , D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE ____ , Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this

_____4-25-12_____

JIMMY MOORE ____ , Clerk

By: _____ D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

_____                Sheriff or other authorized person to serve process
Signature of person accepting service

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process

---

Docket No: 4 CUI 853-12

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

**SUMMONS IN A CIVIL ACTION**

WALTER NELSON
Plaintiff

VS

NATIONAL UNION FIRE INS., ET AL.
Defendant

JAMES W. COOK
Attorney for Plaintiff/Pro Se

-
(901) 753-5898
Telephone Number